CRIMINAL COMPLAINT - CONTINUED

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Lee Schoenike, being first duly sworn, hereby depose and state as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI), and have been since November 2008. I am an investigator and law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510(7) that is an officer of the United States empowered by statute in the United States Code. I am authorized under the Federal Rules of Criminal Procedure, Rule 41(a)(1)(C) as a Federal law enforcement officer who is engaged in enforcing the criminal laws, and is within any category of officers authorized by the Attorney General to request a search warrant.

2. My primary duties consist of the enforcement of federal Customs, Immigration, and drug laws including violations of firearms and narcotics laws. I am cross-designated to enforce Title 21 laws. While employed as an HSI Special Agent, I have conducted and participated in hundreds of Federal investigations.

3. In the course of conducting investigations into both firearms and drugs, your affiant consulted with other experienced investigators concerning the practices of firearms and drug traffickers and the best methods of investigating them. In preparing this affidavit, your affiant conferred with other SAs and law enforcement officers, who share the opinions and conclusions stated herein. Furthermore, your affiant has personal knowledge of the following facts or has learned them from the individual(s) mentioned herein. The statements contained in this affidavit are based in part on information provided to your affiant by SAs of the Bureau of Alcohol, Tobacco, Firearms

and Explosives (ATF) and other law enforcement officers, either directly or indirectly through their reports or affidavits and surveillance conducted by law enforcement officers. Your affiant has also relied on his experience, training and background as a SA with HSI in evaluating this information.

## II. PROBABLE CAUSE

4. Based on the facts set forth in this affidavit, there is probable cause to believe that Jesus DELGADILLO is engaged in violations of 18 U.S.C. § 922(o), transfer and/or possession of a machinegun, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), possession with intent to distribute a controlled substance.

## III. SUMMARY OF THE INVESTIGATION

### A. Criminal Intelligence Information Received

5. In 2018, ATF initiated an international firearm trafficking investigation pertaining to the alleged sale, illegal importation and trafficking of Glock conversion devices (classified as machineguns) into the United States (U.S.) from China in violation of the National Firearms Act (NFA) and the Gun Control Act (GCA). As a result of the investigation, in January 2019, packages originally shipped from China containing Glock conversion devices were delivered to the ATF in the U.S.

6. In February 2019, the Glock conversion devices were submitted to the ATF Firearms Technology Criminal Branch (FTCB) and examined. The FTCB concluded that each of the suspected Glock conversion devices were a combination of parts designed and intended solely and exclusively for converting a firearm into a machinegun, and therefore was a "machinegun" as defined in 26 U.S.C. § 5845(b) and 18 U.S.C. § 921(a)(23).

7. Through investigation and in conjunction with the U.S. Customs and Border Protection (CBP), the ATF was able to identify a common shipper name, address, and items description for shipments containing Glock conversion devices coming from China.

8. On March 7, 2019, HSI Headquarters provided HSI field personnel with a list of U.S. bound shipments of items with the same common shipper name, address, and items description as the packages that had contained the Glock conversion devices for the period of October 1, 2018, to March 5, 2019.

### B. *Identification of Jesus Delgadillo as a Purchaser of Glock Conversion Devices*

9. On March 22, 2019, HSI SAs in Denver, Colorado, were notified by CBP Officers about a package found to contain 5 full auto conversion switches with a consignee of JESUS DELGADILLO, 6901 Ruth Way Denver, Colorado, 8022.  The package contained a similar address and item description as previously identified from other packages with conversion switches.  CBP Officers conducted an inbound Border Search of the package and found it to contain 5 full auto conversion switches for Glock handguns matching the physical description as previously identified Glock full auto conversion switches.  HSI SA Schoenike then accepted the package from CBP for further investigation.

10. Through investigation, your affiant was able to identity, in total, three shipments of Glock full auto switches addressed to JESUS DELGADILLO at 6901 RUTH WAY DENVER, CO, 80221.  In addition to the package identified on March 22, 2019, on December 18, 2018 and March 11, 2019, shipments with the same item description as other packages containing conversion devices was delivered to JESUS DELGADILLO at 6901 RUTH WAY

DENVER, CO, 80221. The shipments were believed to contain one and three conversions devices respectively.

### C. Search of Jesus Delgadillo's Residence

11. On April 3, 2019, Adams County SWAT executed a federal search warrant on DELGADILLO's residence at 6901 Ruth Way Denver, CO, 80111, at approximately 9:10 AM. Adams County SWAT encountered Suzette Hurtado, DELGADILLO's cousin, inside the residence. Suzette Hurtado provided Adams County SWAT DELGADILLO's cell phone number. Suzette Hurtado also informed your affiant that DELGADILLO's bedroom was down the hall at the end, on the left.

12. During a security sweep, the Adams County SWAT entered the bedroom that Suzette Hurtado had identified as DELGADILLO's bedroom. In the bedroom, Adams County SWAT found a handgun with a magazine inserted, on the foot of the bed. Your affiant and ATF SA Keith Wilson searched the bedroom identified as DELGADILLO's bedroom and found indicia confirming that it was DELGADILLO's bedroom, specifically bills with DELGADILLO's name and a passport with his name and picture. During a search of the aforementioned room the following items were found:

- One (1) Glock, model 19x, 9mm semi-automatic pistol, serial number BKHH907. This firearm was located with a high capacity magazine loaded with twenty-one (21) rounds of 9mm ammunition.

- One (1) Smith and Wesson, model AR-15 style, 5.56mm, semi-automatic rifle, serial number TJ93077.

CRIMINAL COMPLAINT - CONTINUED

- One (1) unknown manufacturer, unknown model, Glock style machinegun switch, no serial number.  This is one of the Glock style machinegun switches that is believed to have been in one of the two delivered shipments to DELGADILLO.
- One hundred and thirty seven (137) rounds of 9mm ammunition.
- Three (3) 5.56mm/.223 caliber drum style magazine and one (1) 9mm drum style magazine.
- Eight (8) assorted 5.56mm/.223 caliber and 9mm high capacity magazines.
- Four (4) assorted 5.56mm/.223 caliber magazines.
- Approximately 155 gross grams of suspected powder cocaine.  The powder tested field presumptive positive for cocaine.  Next to the suspected powder cocaine were multiple small baggies.
- Miscellaneous 9mm parts and accessories.
- Miscellaneous Drug paraphernalia.
- One (1) bill of sale for One Glock, model 19x, 9mm semi-automatic pistol, serial number BKHH907.  The bill of sale was in the name Jesus Martinez.
- One (1) Glock case associated with serial# BKHH907.
- One (1) HP Pavilion Model DV600, Serial# CNF7316LCG.
- One (1) gold iPhone S with unknown serial number (damaged screen).

13. During the search of the residence, DELGADILLO was contacted by your affiant by phone and I advised him of the circumstances regarding the search warrant.  DELGADILLO advised your affiant that he was at work but would be returning to the residence shortly.

14. Once DELGADILLO arrived at the residence, he was contacted, detained, and interviewed by your affiant and ATF SA Keith Wilson. Prior to being interviewed, DELGADILLO was read his Miranda Warning Rights from an HSI Statement of Rights form. DELGADILLO consented to speaking with agents and signed the waiver at approximately 10:18 AM.

15. During the interview, DELGADILLO advised that he was not the purchaser or owner of the Glock, model 19x, 9mm semi-automatic pistol, serial number BKHH907. DELGADILLO advised that he was only "holding" the firearm for his friend Jesus Martinez. DELGADILLO was unable to provide any contact information for Jesus Martinez. Furthermore, DELGADILLO could not speak as to why he was in possession of hi-capacity magazines, ammunition, parts, and accessories for the Glock firearm.

16. DELGADILLO advised that he was the purchaser of the Glock style machinegun switch(es). DELGADILLO advised that he had made three (3) separate orders from an internet website. The first order was for one (1) Glock style machinegun switch and the second was for three (3) Glock style machinegun switches. DELGADILLO advised that the first order arrived at his residence and contained a Glock style machinegun switch. DELGADILLO advised that the second order was never delivered. DELGADILLO advised that the third order for five (5) Glock style machinegun switches never arrived at his residence. Only one Glock style machinegun switch was recovered from DELGADILLO's residence.

17. DELGADILLO advised that he purchased the switches on the internet using his iPhone S from a website that advised the switches would make Glocks "shoot faster." When asked to clarify what that meant, DELGADILLO advised that he knew that the switches would turn a Glock firearm into an automatic from a semi-automatic firearm.

18. DELGADILLO advised that he used cocaine occasionally and the white powdery substance that was found in his room was in fact cocaine. DELGADILLO advised that he had purchased the quantity (approximately 155 gross grams) for approximately $3,500.00 from an unknown male at an unknown location at an unknown time. When asked about the small baggies located next to the cocaine DELGADILLO had no comment.

19. Through my training and experience with HSI and discussions with ATF SAs, I know that several variations of Glock style machinegun switches have been unlawfully manufactured outside of the United Stated and imported into the United States, specifically into the District of Colorado, and illegally sold via the internet and shipped via the US Postal Service originating from China. I also know that these devices vary by design and appearance but, when properly installed on a semi-automatic Glock pistol, will allow the firearm to expel more than one projectile by a single pull of the trigger at approximately 1,200 rounds per minute. Installation of these conversion devices is fast and simple, requires no technical expertise, and is completed by removing the polymer slide cover plate on a Glock semi-automatic pistol and replacing it with a conversion device. This affiant also knows that these devices are referred to by different names, including but not limited to: "switches," "auto sears," "convertors," "conversion switches," "selector switches," "conversion devices," and "Fire Selector Systems for Glock."

20. Furthermore, I know from my training and experience with HSI and speaking with ATF SAs that the aforementioned seized Glock style machinegun switch found in DELGADILLO's possession, when installed onto a Glock firearm, will readily convert that firearm from functioning as a semi-automatic to an automatic firearm. Additionally, the seized Glock

style machinegun switch seized from DELGADILLO is a part or a combination of parts designed and intended solely and exclusively for converting a firearm into a machinegun, and therefore is a "machinegun" as defined in 26 U.S.C. § 5845(b) and 18 USC § 921(a)(23). Apart from official military and law enforcement use, Glock conversion devices may only be lawfully possessed by licensed Federal Firearms Licensees who have paid the appropriate Special Occupational Tax required of those manufacturing, importing, or dealing in NFA weapons. Thus, I know that it unlawful for any other person to knowingly transfer or possess a machinegun under 18 U.S.C. § 922(o).

21. Furthermore, I know from my training and experience and speaking with SAs that the quantity of presumptive cocaine seized from DELGADILLO's bedroom—150 grams—is a quantity that is indicative of distribution. Additionally, I know that the presence of small baggies in DELGADILLO's bedroom, near the presumptive cocaine, is an indicia of distribution. These items are indicative to your affiant, based on training and experience, of drug trafficking.

22. Based on the aforementioned information, probable cause exists that on or about April 3, 2019, in the State and District of Colorado, the defendant, Jesus DELGADILLO, did knowingly transfer and/or possess a machinegun, that is, an imported Glock style machinegun switch bearing no serial number, in violation of Title 18 United States Code, Sections 922(o) and did knowingly possess with the intent to distribute a controlled substance, specifically approximately 155 gross grams of powder cocaine in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c). Accordingly, your affiant requests the issuance of a criminal complaint and arrest warrant.

CRIMINAL COMPLAINT - CONTINUED

I, Lee Schoenike being duly sworn according to law, depose and say that the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information and belief.

Dated: April 4, 2019

*s/ Lee Schoenike*
Lee Schoenike, Special Agent
Homeland Security Investigations

Sworn to before me this  4th   day of   April        , 2019.

United States Magistrate Judge

**Application was reviewed and submitted by Kelly Winslow, Assistant United States Attorney.**